## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

JEFFREY TODD NICHOLS AND      *
VIRGINIA EVANS NICHOLS      *
     PLAINTIFFS      *    CIVIL ACTION NO. _____
     *
VS.      *
     *
WHITNEY BANK, EQUIFAX      *    COMPLAINT AND DEMAND
INFORMATION SERVICES, L.L.C.,      *    FOR A JURY TRIAL
EXPERIAN INFORMATION      *
SOLUTIONS, INC., AND TRANS UNION, LLC      *
     DEFENDANTS      *

# **COMPLAINT**

        This is an action for damages brought by individual consumers, who cannot get refinanced for a mortgage due to violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 by defendants Whitney Bank, Equifax Information Services, L.L.C., Experian Information Solutions, Inc., and Trans Union, LLC.

        1.    Plaintiffs Jeffrey Todd Nichols and Virginia Evans Nichols ("plaintiffs' or "the Nichols") are each  natural persons residing in East Baton Rouge Parish and each is a consumer as defined by the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681a(c).

        2.    Defendant Whitney Bank ("Whitney") is a  person(s) who furnishes information to consumer reporting agencies under the FCRA, 15 U.S.C. § 1681s-2. Whitney is a Mississippi banking institution doing business in the state of Louisiana, who can be served through its registered agent for service of process, CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808.

        3.    Defendant Equifax Information Services, L.L.C. ("Equifax") is a consumer reporting

agency as defined by the FCRA, 15 U.S.C. § 1681a(f). Equifax is a foreign limited liability company doing business in the state of Louisiana, who can be served through its registered agent for service of process, Corporation Service Company, 320 Somerulos Street, Baton Rouge, LA 70802.

4.      Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f). Experian is a foreign corporation doing business in the state of Louisiana, who can be served through its registered agent for service of process, CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808.

5.      Defendant, Trans Union, LLC (hereinafter referred to as "Trans Union"), is a consumer reporting agency under the FCRA.  Trans Union is a foreign limited liability company doing business in the state of Louisiana, who can be served through its registered agent for service of process, The Prentice-Hall Corporation Systems, Inc., 320 Somerulos Street, Baton Rouge, LA 70802.

6.      Defendant Equifax is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).  Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

7.      Defendant Experian is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).  Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

8.      Defendant Trans Union is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).  Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing

information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

IV. FACTUAL ALLEGATIONS

9.      On March 25, 2008, the Nichols executed a mortgage loan on their home payable to Whitney's predecessor in interest, Hancock Bank of Louisiana.

10.      This note and mortgage became payable to Whitney Bank, who is the successor in interest to Hancock Bank of Louisiana.

11.      In 2011, the Nichols fell behind on this note and mortgage and became delinquent on this obligation.

12.      On or about January 17, 2012, Whitney filed a foreclosure suit against the Nichols and their home due to this delinquency.

13.      The Nichols and Whitney reached an amicable resolution of this obligation and executed a forbearance agreement on December 4, 2012.

14.      The terms of this forbearance agreement were a 5% two year balloon note payable monthly, amortized over 15 years.

15.      The Nichols did not receive any instructions on how to make these mortgage payments so they contacted Whitney employee Kathy McLuckie, who provided them with information as to how and where to make their payments.

16.      The Nichols made their payments as required and when Mrs. Nichols obtained a copy of her consumer report from defendant  Experian, she discovered that Whitney was reporting her mortgage loan as charged off and did not report any payments had been made.

17.      The Nichols then contact both Kathy McLuckie and Whitney's attorney, Clay LeGros,

3

pointing out that the information Whitney was providing to the co-defendants Equifax, Experian and Trans Union, was wrong since it did not reflect any of the payments being made by the Nichols and that their mortgage loan was in a repayment status.

18.     Thereafter, the Nichols mailed letters disputing the reporting of the Whitney account for both of them to defendant Equifax on August 19, 2013.

19.     The Nichols mailed letters disputing the reporting of the Whitney account for both of them to defendant Experian on August 19, 2013.

20.     The Nichols mailed letters disputing the reporting of the Whitney account  for both of them to Trans Union on August 19, 2013.

21.     For the Nichols' disputes of August 19, 2013, Equifax notified Whitney of plaintiffs' disputes pursuant to 15 U.S.C. § 1681i(a).

22.     For the Nichols' disputes of August 19, 2013, Experian notified Whitney of plaintiffs' disputes pursuant to 15 U.S.C. § 1681i(a).

23.     For the Nichols' disputes of August 19, 2013, Trans Union notified Whitney of plaintiffs' disputes pursuant to 15 U.S.C. § 1681i(a).

24.     Within the last two years, in response to plaintiffs' disputes received from Equifax, Whitney verified the wrongful reporting of plaintiffs' account to Equifax for both plaintiffs.

25.     Within the last two years, in response to plaintiffs' disputes received from Experian, Whitney verified the wrongful reporting of plaintiffs' account  to Experian for both plaintiffs.

26.     Within the last two years, in response to plaintiffs' disputes received from Trans Union, Whitney verified the wrongful reporting of plaintiffs' account to Trans Union for both plaintiffs.

27.    In response to the disputes by the Nichols, defendant Equifax maintained the reporting of Whitney's information as before on both of the Nichols' consumer reports and did not change it to reflect the Nichols' payments and the status of this account as being in repayment status.

28.    In response to the disputes by the Nichols, defendant Experian maintained the reporting of Whitney's information as before on both of the Nichols' consumer reports and did not change it to reflect the Nichols' payments and the status of this account as being in repayment status.

29.    In response to the disputes by the Nichols, defendant Trans Union maintained the reporting of Whitney's information as before on both of the Nichols' consumer reports and did not change it to reflect the Nichols' payments and the status of this account as being in repayment status.

30.    The Nichols again mailed letters disputing the reporting of the Whitney account for both of them to defendant Equifax on December 17, 2013.

31.    The Nichols again mailed letters disputing the reporting of the Whitney account for both of them to defendant Experian on December 17, 2013.

32.    The Nichols again mailed letters disputing the reporting of the Whitney account for both of them to defendant Trans Union on December 17, 2013.

33.    For the Nichols' disputes of December 17, 2013, Equifax notified Whitney of plaintiffs' disputes pursuant to 15 U.S.C. § 1681i(a).

34.    For the Nichols' disputes of December 17, 2013, Experian notified Whitney of plaintiffs' disputes pursuant to 15 U.S.C. § 1681i(a).

35.    For the Nichols' disputes of December 17, 2013, Trans Union notified Whitney of plaintiffs' disputes pursuant to 15 U.S.C. § 1681i(a).

36.    In response to plaintiffs' December 17, 2013 disputes received from Equifax,

Whitney verified the wrongful reporting of plaintiffs' account to Equifax for both plaintiffs.

37.     In response to plaintiffs' December 17, 2013 disputes received from Experian, Whitney verified the wrongful reporting of plaintiffs' account to Experian for both plaintiffs.

38.     In response to plaintiffs' December 17, 2013 disputes received from Trans Union, Whitney verified the wrongful reporting of plaintiffs' account to Trans Union for both plaintiffs.

39.     In response to the December 17, 2013 disputes by the Nichols, defendant Equifax maintained the reporting of Whitney's information as before on both of the Nichols' consumer reports and did not change it to reflect the Nichols' payments and the status of this account as being in repayment status.

40.     In response to the December 17, 2013 disputes by the Nichols, defendant Experian maintained the reporting of Whitney's information as before on both of the Nichols' consumer reports and did not change it to reflect the Nichols' payments and the status of this account as being in repayment status.

41.     In response to the December 17, 2013 disputes by the Nichols, defendant Trans Union maintained the reporting of Whitney's information as before on both of the Nichols' consumer reports and did not change it to reflect the Nichols' payments and the status of this account as being in repayment status.

### DEFENDANT WHITNEY'S PRACTICES

42     Defendant Whitney negligently and willfully failed to comply with the requirements of the FCRA in 15 U.S.C. § 1681s-2(b).

43.     As a result of defendant Whitney's failure to comply with the requirements of the FCRA, plaintiffs have each suffered actual damages, including damage to each of their reputations,

emotional distress, mental anguish, stress, humiliation, aggravation, medical expenses, and denials of credit for which they each seek damages in amounts to be determined by the jury.  Plaintiffs also seek punitive damages for each of them in amounts to be determined by the jury.

### DEFENDANT EQUIFAX'S PRACTICES

44.     Defendant Equifax negligently and willfully failed to comply with the requirements of FCRA, including but not limited to:

a)      failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports concerning each of the plaintiffs, as required by 15 U.S.C. § 1681e(b); and

b)      failing to comply with the reinvestigation requirements in 15 U.S.C. § 1681i(a) as to each plaintiff.

45.     As a result of defendant Equifax's failures to comply with the requirements of the FCRA, plaintiff has suffered actual damages, including damage to each of their reputations, emotional distress, mental anguish, stress, humiliation, aggravation, medical expenses, and denials of credit for which they each seek damages in amounts to be determined by the jury.  Plaintiffs also seek punitive damages for each of them in amounts to be determined by the jury.

### DEFENDANT EXPERIAN'S PRACTICES

46.     Defendant Experian negligently and willfully failed to comply with the requirements of FCRA, including but not limited to:

a)      failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports concerning each of the  plaintiffs, as required by 15 U.S.C. § 1681e(b); and

b)      failing to comply with the reinvestigation requirements in 15 U.S.C. § 1681i(a) as to each plaintiff.

47.     As a result of defendant Experian's failures to comply with the requirements of the FCRA, plaintiff has suffered actual damages, including damage to each of their reputations, emotional distress, mental anguish, stress, humiliation, aggravation, medical expenses, and denials of credit for which they each seek damages in amounts to be determined by the jury.  Plaintiffs also seek punitive damages for each of them in amounts to be determined by the jury.

## DEFENDANT TRANS UNION'S PRACTICES

48.     Defendant Trans Union negligently and willfully failed to comply with the requirements of FCRA, including but not limited to:

a)      failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports concerning each of the  plaintiffs, as required by 15 U.S.C. § 1681e(b); and

b)      failing to comply with the reinvestigation requirements in 15 U.S.C. § 1681i(a) as to each plaintiff.

49.     As a result of defendant Experian's failures to comply with the requirements of the FCRA, plaintiff has suffered actual damages, including damage to each of their reputations, emotional distress, mental anguish, stress, humiliation, aggravation, medical expenses, and denials of credit for which they each seek damages in amounts to be determined by the jury.  Plaintiffs also seek punitive damages for each of them in amounts to be determined by the jury.

WHEREFORE, plaintiff respectfully requests that the Court grant the following relief in their favor and against each defendant for:

8

a)      Actual damages;

b)      Punitive damages;

c)      Attorney fees, litigation expenses and costs; and

d)      Such other and further relief as is appropriate.

A JURY TRIAL IS DEMANDED.

s/Garth J. Ridge
**GARTH J. RIDGE**
Attorney for Plaintiffs
Bar Roll Number:  20589
251 Florida Street, Suite 301
Baton Rouge, Louisiana 70801
Telephone Number:  (225) 343-0700
Facsimile Number: (225) 343-7700
E-mail: GarthRidge@aol.com